IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SUPERTRANSPORT, LLC                                                              PLAINTIFF

v.                                                              Civil Action No. 1:22-cv-00161-GHD-DAS

ALL AMERICAN TRUCK & TRAILER
REPAIR, LLC; and GREG FOWLER                                   DEFENDANTS

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND MOTION TO STRIKE

Presently before the Court is the Plaintiff's Motion for Default Judgment against both Defendants [15] and the Plaintiff's motion to strike [22]. Upon due consideration, the Court finds that the Plaintiff's motions should be denied.

On November 9, 2022, the Plaintiff filed a complaint against the Defendants, asserting claims for breach of contract, unjust enrichment, fraud, conversion, and replevin, seeking compensatory and punitive damages, as well as injunctive relief [1]. The Defendants were served with process on November 10, 2022 (Greg Fowler) and November 15, 2022 (All American Truck & Trailer Repair). On December 1, 2022, Defendant All American Truck & Trailer Repair, LLC ("All American"), filed a *pro se* affidavit [5] into the record, disputing some of the Plaintiff's claims. Upon motion from the Plaintiff, the Magistrate Judge on January 11, 2023, struck the affidavit from the record [10], correctly holding that corporate entities, including LLCs, may not appear in federal court without representation by counsel. *Martinez v. Tri-State Enterprises, LLC*, No. 3:16-CV-32-MPM-JMV, 2016 WL 11643591, at *1 (N.D. Miss. May 24, 2016). In the Order Granting the Motion to Strike [10], the Magistrate Judge further ordered that the Defendant All American had twenty-one days to obtain counsel or face an entry of default. At the conclusion of the twenty-one day period, having heard nothing from either Defendant, the Clerk of Court docketed an Entry of Default against each Defendant [12, 13].

The Magistrate Judge subsequently entered a show cause order [14] on July 7, 2023, ordering the *Plaintiff* to show cause why this case should not be dismissed for failure to prosecute given the Plaintiff's failure to move for default judgment against the Defendants. The Plaintiff then, on July 20, 2023, moved for default judgment against both Defendants [15]. Two weeks later, on August 3, 2023, an attorney (Kenneth Floyd of Booneville) made an Entry of Appearance on behalf of both Defendants [18] and filed a response [19] in opposition to the Plaintiff's motion for default judgment. In the Defendants' response, they offer grounds for the failure to timely respond and request leave of court to file a motion to set aside the Clerk's Entries of Default and to plead and defend the claims asserted by the Plaintiff in this action. The Plaintiff has filed a motion [22] seeking to strike the Defendants' response and to have a default judgment entered against the Defendants.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. In addition, the Court is mindful that "[d]oubt should be resolved in favor of a judicial decision on the merits of the case." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980); see *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (holding that "[d]efaults are not favored . . . and their strict enforcement has no place in the Federal Rules.").

In the case *sub judice*, the Court finds that the Defendants have offered sufficient good cause to permit them leave of court to file a motion seeking to set aside the Clerk's Entries of Default and, if successful, to then plead or otherwise respond to the Plaintiff's complaint and defend this action. The Defendants procured counsel and timely responded to the Plaintiff's motion for default judgment, and it is apparent to the Court that the Defendants intend to defend

the claims pending against them in this action. Accordingly, and particularly given the Fifth Circuit's guidance that default judgments are disfavored and that doubt should be resolved in favor of judicial decisions on the merits of matters pending before it, the Court shall deny the Plaintiff's motion for default judgment at the present juncture, and shall also deny the Plaintiff's motion to strike. The Defendants shall conform to the time limits set forth below in defending this action.

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment and Motion to Strike [15, 22] are DENIED. The Defendants will be permitted to file a motion seeking to set aside the Clerk's Entries of Default; any such motion must be filed within fourteen days of today's date. If the Entries of Default are set aside, the Defendants shall then have fourteen to plead in response to the Plaintiff's Complaint.

SO ORDERED, this 25th day of September, 2023.

                                                    SENIOR U.S. DISTRICT JUDGE